FILED
CLERK, U.S. DISTRICT COURT
3/21/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: ___TV___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

March 2022 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>MIGUEL ANGEL VEGA and<br>CHRISTOPHER BLAIR HERNANDEZ,<br><br>　　　　Defendants. | CR 2:23-cr-00133-PA<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 371: Conspiracy; 18 U.S.C. § 242: Deprivation of Rights Under Color of Law; 18 U.S.C. § 1512(b)(3): Tampering with a Witness; 18 U.S.C. § 1519: Falsification of Records] |

The Grand Jury charges:

INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1. The Los Angeles County Sheriff's Department ("LASD") was a law enforcement agency within the Central District of California. Among other responsibilities, the LASD provided municipal police services within Los Angeles County, California, through its thousands of sworn deputies.

2. Defendants MIGUEL ANGEL VEGA and CHRISTOPHER BLAIR HERNANDEZ were sworn law enforcement officers and LASD deputies assigned to work at LASD's Compton Station in Compton, California.

3. The Federal Bureau of Investigation ("FBI") was a component of the United States Department of Justice, a department within the executive branch of the United States government, whose jurisdiction included, among other things, investigation of criminal violations of federal civil rights laws, including Title 18, United States Code, Section 242.

4. Victim J.A. was a 23-year-old Hispanic male, an avid skateboarder, and a non-gang member.

5. On or about the afternoon of April 13, 2020, J.A. was skateboarding at an enclosed and designated skateboard park within Wilson Park in Compton (the "skatepark"). An approximately 10-to-12-foot wrought-iron fence surrounded the skatepark. Besides J.A., approximately 10 to 20 other people were at the skatepark, several of whom were also skateboarding.

6. That same afternoon, while on duty, defendants VEGA and HERNANDEZ were patrolling the area near Wilson Park as part of their official duties for the LASD. Defendants VEGA and HERNANDEZ were in full uniform and were travelling in a marked LASD patrol sports utility vehicle (the "SUV").

7. Defendant VEGA drove the SUV over a curb outside Wilson Park and parked it on the grass near the skatepark, where defendants VEGA and HERNANDEZ got out of the SUV and made contact with two young African-American males.

8. After J.A., who watched the encounter from inside the 10-to-12-foot wrought-iron fence enclosing the skatepark, yelled at defendants VEGA and HERNANDEZ to stop bothering the young African-American males, defendants VEGA and HERNANDEZ exchanged words, including profanities, with J.A.

9.   Sergeant-1 was a sergeant at the LASD and was supervising defendants VEGA and HERNANDEZ on or about April 13, 2020.

10.  LASD Deputy-1, LASD Deputy-2, and LASD Deputy-3 were LASD deputies.

11.  These Introductory Allegations are incorporated by reference into each count of this Indictment.

COUNT ONE

[18 U.S.C. § 371]

[ALL DEFENDANTS]

A.   OBJECTS OF THE CONSPIRACY

Beginning on or about April 13, 2020, and continuing through at least June 26, 2020, in Los Angeles County, within the Central District of California, defendants MIGUEL ANGEL VEGA and CHRISTOPHER BLAIR HERNANDEZ, together with others known and unknown to the Grand Jury, conspired and agreed with each other to knowingly and intentionally commit offenses against the United States, namely: (1) Deprivation of Rights Under Color of Law, in violation of Title 18, United States Code, Section 242; (2) Tampering with a Witness, in violation of Title 18, United States Code, Section 1512(b)(3); and (3) Falsification of Records in Federal Investigations, in violation of Title 18, United States Code, Section 1519.

B.   MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE ACCOMPLISHED

The objects of the conspiracy were to be accomplished, in substance, as follows:

1.   Defendants VEGA and HERNANDEZ would unlawfully detain and falsely imprison J.A. by confining J.A. in the back of the SUV.

2.   While J.A. was confined in the back of the SUV, defendants VEGA and HERNANDEZ would threaten to set up J.A. by dropping off J.A. in gang territory, where J.A. would be harmed or potentially harmed.

3.   While J.A. was confined in the back of the SUV, defendants VEGA and HERNANDEZ also would taunt J.A. by saying that J.A. was scared and that J.A. would be beaten by gang members at the location where defendants VEGA and HERNANDEZ intended to drop off J.A.

4.   After releasing J.A. from the SUV following a traffic collision, defendants VEGA and HERNANDEZ would engage in misleading conduct toward others, including other LASD personnel, to hinder, delay, and prevent the communication of their unlawful detention and false imprisonment of J.A. to federal law enforcement officers by concealing and not disclosing to other LASD deputies and supervisors that J.A. had been detained in the back of the SUV during the collision.

5.   After other LASD deputies independently re-detained J.A. believing that J.A. was a purported suspect with a gun whom defendants VEGA and HERNANDEZ claimed to be pursuing before the collision, defendants VEGA and HERNANDEZ would further attempt to conceal and cover up their unlawful detention and false imprisonment of J.A. by falsely claiming to supervisors that they detained J.A. because J.A. exhibited symptoms of a person under the influence of a controlled substance.

6.   Defendants VEGA and HERNANDEZ would further attempt to conceal and cover up their unlawful detention and false imprisonment of J.A. by directing another LASD deputy to issue J.A. a citation for being under the influence of methamphetamine.

7.   Defendants VEGA and HERNANDEZ would further attempt to conceal and cover up their unlawful detention and false imprisonment of J.A. by preparing and filing incident reports containing false and misleading statements regarding J.A.'s initial detention by defendants VEGA and HERNANDEZ and J.A.'s release following the collision.

C.  OVERT ACTS

On or about the following dates, in furtherance of the conspiracy and to accomplish the objects of the conspiracy, defendants VEGA and HERNANDEZ, and others known and unknown to the Grand Jury, committed various overt acts within the Central District of California, including, but not limited to, the following:

Overt Act No. 1:  On April 13, 2020, defendant VEGA and/or defendant HERNANDEZ re-positioned the SUV so that it was close to an opening in the 10-to-12-foot wrought-iron fence surrounding the skatepark that people used to enter and leave the skatepark.

Overt Act No. 2:  On April 13, 2020, defendant VEGA and/or defendant HERNANDEZ pulled J.A. through the opening in the fence.

Overt Act No. 3:  On April 13, 2020, defendant VEGA then placed J.A. in the back of the SUV, confining J.A. inside. Defendants VEGA and HERNANDEZ did not handcuff J.A., did not secure J.A.'s seatbelt, did not tell J.A. that J.A. was under arrest, and did not inform J.A. of J.A.'s rights at any time.

Overt Act No. 4:  On April 13, 2020, while detaining J.A. and falsely imprisoning J.A. in the back of the SUV, defendant VEGA and/or defendant HERNANDEZ, who both remained outside the 10-to-12-foot wrought-iron fence, exchanged additional words with a number of onlookers, all of whom were inside the skatepark fence. At one point, defendant VEGA pointed at the onlookers from the driver's seat of the SUV and proclaimed, "You should know the program."

Overt Act No. 5:  On April 13, 2020, defendants VEGA and HERNANDEZ then departed the area with J.A. confined in the back of the SUV as the onlookers continued watching from inside the skatepark fence. While J.A. was detained in the SUV, at no time did defendants

VEGA and HERNANDEZ utilize LASD radio to alert any other LASD personnel that they had detained J.A., to request backup or supervisors to respond to any location, or otherwise to inform any other LASD personnel regarding what transpired at the skatepark.

Overt Act No. 6:   On April 13, 2020, after driving away from the skatepark, defendant VEGA told J.A., in sum and substance, that defendants VEGA and HERNANDEZ were going to set up J.A. and drop J.A. in gang territory.

Overt Act No. 7:   On April 13, 2020, defendants VEGA and HERNANDEZ taunted J.A. by saying that J.A. was scared.

Overt Act No. 8:   On April 13, 2020, defendant HERNANDEZ told J.A. that J.A. was going to get J.A.'s "ass beat," or words to that effect.

Overt Act No. 9:   On April 13, 2020, defendant VEGA, while pursuing a young Hispanic male on a bicycle in the SUV in an alley between 129th Street and 130th Street, collided with a wall and a car parked in the alley with J.A. confined in the back of the SUV, causing J.A. to sustain a cut above J.A.'s right eye during the collision.

Overt Act No. 10:   On April 13, 2020, after the collision, defendant VEGA removed J.A. from the SUV and told J.A., "Get the fuck out of here," or words to that effect, at which time J.A. left and walked to a residence on 130th Street (the "130th Street residence") that was unknown to J.A. in order to seek assistance.

Overt Act No. 11:   On April 13, 2020, around the time that J.A. left the scene of the collision at defendant VEGA's direction, defendant VEGA reported over LASD radio that a person purportedly

with a gun was fleeing south through an alley near 130th Street and Mona Boulevard.

<u>Overt Act No. 12</u>:  On April 13, 2020, as part of his report over LASD radio, defendant VEGA claimed that the suspect had tossed an article in the alley and described the suspect as a male Hispanic wearing a gray shirt and blue jeans, which was similar to J.A.'s clothing.

<u>Overt Act No. 13</u>:  On April 13, 2020, defendant VEGA further reported over the radio that he had been involved in a traffic collision, but he did not disclose that J.A. had been in the SUV during the collision.

<u>Overt Act No. 14</u>:  On April 13, 2020, when defendant VEGA was asked over the radio whether he needed emergency medical personnel to report to the scene of the collision, defendant VEGA stated, "not at this time."

<u>Overt Act No. 15</u>:  On April 13, 2020, soon after the collision, defendants VEGA and HERNANDEZ spoke to their supervisor, Sergeant-1, who responded to the area near the collision in the alley.

<u>Overt Act No. 16</u>:  On April 13, 2020, when Sergeant-1 asked defendants VEGA and HERNANDEZ if they were okay, defendants VEGA and HERNANDEZ indicated that they were okay.  Defendant HERNANDEZ told Sergeant-1 that he was not in the SUV at the time of the collision, but neither defendant VEGA nor defendant HERNANDEZ disclosed to Sergeant-1 that they had detained J.A. in the back of the SUV after the encounter at the skatepark or that J.A. had been in the SUV during the collision.

<u>Overt Act No. 17</u>:  On April 13, 2020, after learning that other LASD deputies had independently detained a person they believed to be

the purported gun suspect, and after traveling to LASD Deputy-1 and LASD Deputy-2's patrol vehicle near the 130th Street residence and seeing J.A. detained in that patrol vehicle, defendant VEGA spoke again with Sergeant-1.

Overt Act No. 18:  On April 13, 2020, as part of his subsequent contact with Sergeant-1, defendant VEGA informed Sergeant-1 for the first time that J.A. had been in the back of the SUV during the collision, but, before paramedics transported J.A. to the hospital for additional treatment, defendant VEGA falsely informed Sergeant-1 that he detained J.A. at the skatepark because J.A. exhibited symptoms of a person under the influence of a controlled substance.

Overt Act No. 19:  On April 13, 2020, defendant HERNANDEZ spoke by phone with LASD Deputy-3 while LASD Deputy-3 was at the hospital with J.A., and he directed LASD Deputy-3 to issue J.A. a citation for being under the influence of methamphetamine.

Overt Act No. 20:  In mid-April 2020, defendant VEGA prepared and filed an incident report, identified as LASD Incident Report No. 920-04690-2822-399, describing the alleged circumstances surrounding defendants VEGA and HERNANDEZ's detention of J.A. at the skatepark on April 13, 2020 (the "detention report"), which defendant HERNANDEZ helped prepare.

Overt Act No. 21:  In mid-April 2020, in the detention report, defendant VEGA falsely claimed that he and defendant HERNANDEZ detained J.A. because J.A. exhibited symptoms of a person under the influence of a stimulant, including, purportedly, profuse sweating, rapid speech, muttering unknown words, erratic behavior, teeth grinding, heavy breathing, and dilated pupils.

Overt Act No. 22:  In mid-April 2020, defendant VEGA further falsely claimed in the detention report that J.A. threatened to harm people in the skatepark.

Overt Act No. 23:  In mid-April 2020, defendant VEGA further falsely claimed in the detention report that J.A. also threatened to harm defendants VEGA and HERNANDEZ.

Overt Act No. 24:  In mid-April 2020, defendant VEGA further falsely claimed in the detention report that a crowd of people continued to move toward the SUV as defendants VEGA and HERNANDEZ drove away from the skatepark.

Overt Act No. 25:  In mid-April 2020, in the detention report, defendant VEGA also referenced the traffic collision and falsely claimed that after the collision, he requested an assisting unit to respond, checked J.A. for injuries, and that J.A. was placed in the patrol vehicle of an assisting unit and detained until paramedics arrived.

Overt Act No. 26:  In mid-April 2020, defendant VEGA prepared and filed another incident report, identified as LASD Incident Report No. 920-04687-2820-151, describing the alleged circumstances surrounding defendant VEGA's pursuit of a young Hispanic male on a bicycle and the resulting traffic collision (the "collision report").

Overt Act No. 27:  In mid-April 2020, in the collision report, defendant VEGA falsely claimed that while assisting units were setting up a containment area, defendant VEGA transferred J.A. to another patrol vehicle.

COUNT TWO

[18 U.S.C. § 242; 18 U.S.C. § 2(a)]

[ALL DEFENDANTS]

On or about April 13, 2020, in Los Angeles County, within the Central District of California, defendants MIGUEL ANGEL VEGA and CHRISTOPHER BLAIR HERNANDEZ, then sworn law enforcement officers employed by the LASD, while acting under color of law, unlawfully detained and falsely imprisoned J.A. and thereby willfully deprived J.A. of the right secured and protected by the Constitution and laws of the United States to be free from unreasonable seizures, resulting in bodily injury to J.A., and aided and abetted one another in doing the same.

COUNT THREE

[18 U.S.C. § 1512(b)(3)]

[ALL DEFENDANTS]

On or about April 13, 2020, in Los Angeles County, within the Central District of California, defendants MIGUEL ANGEL VEGA and CHRISTOPHER BLAIR HERNANDEZ, knowingly and with the intent to hinder, delay, and prevent the communication to federal law enforcement officers of information relating to the commission and possible commission of a federal offense, namely, deprivation of rights under color of law, in violation of Title 18, United States Code, Section 242, as described in Count Two of this Indictment, engaged in misleading conduct toward another person, in circumstances in which there was a reasonable likelihood that a relevant communication would have been made to a federal law enforcement officer.

Specifically, when contacted in person by their supervisor, Sergeant-1, near the alley between 129th Street and 130th Street, following a traffic collision involving the SUV, defendants VEGA and HERNANDEZ knowingly made false statements, intentionally omitted information from statements causing such statements to be misleading, and intentionally concealed material facts creating a false impression by such statements, when they did not inform Sergeant-1 that:

1. Defendants VEGA and HERNANDEZ had unlawfully detained and falsely imprisoned J.A. in the back of the SUV following their encounter with J.A. at the skatepark.

2. J.A. was in the back of the SUV at the time of the traffic collision in the alley.

COUNT FOUR

[18 U.S.C. § 1519; 18 U.S.C. § 2(a)]

[ALL DEFENDANTS]

In or around April 2020, in Los Angeles County, within the Central District of California, defendant MIGUEL ANGEL VEGA, aided and abetted by defendant CHRISTOPHER BLAIR HERNANDEZ, in relation to and in contemplation of a matter within the jurisdiction of the FBI, knowingly falsified a record with the intent to impede, obstruct, and influence the investigation and proper administration of that matter.

Specifically, defendant VEGA, aided and abetted by defendant HERNANDEZ, falsified a LASD incident report, identified as LASD Incident Report No. 920-04690-2822-399 (i.e., the detention report), that included the following false and fictitious statements and representations about events of April 13, 2020:

1. J.A. exhibited symptoms of a person under the influence of a stimulant, including profuse sweating, rapid speech, muttering unknown words, erratic behavior, teeth grinding, heavy breathing, and dilated pupils.

2. J.A. threatened to harm people in the skatepark.

3. J.A. threatened to harm defendants VEGA and HERNANDEZ.

4. As defendants VEGA and HERNANDEZ drove away from the skatepark in the SUV, they saw a crowd of people continue to move towards the SUV.

5. After the traffic collision involving the SUV, J.A. "was placed in a patrol unit of an assisting unit and detained until the arrival of Los Angeles County Fire Department Engine Paramedics."

In fact, as defendants VEGA and HERNANDEZ then knew, J.A. did not exhibit symptoms of a person under the influence of a stimulant

at the skatepark or any time thereafter on April 13, 2020; J.A. did not threaten to harm anyone at the skatepark or defendants VEGA and HERNANDEZ; the group of people at the skatepark described in the detention report remained inside the 10-to-12-foot wrought-iron fence separating the skatepark from the SUV as the SUV departed the area; and defendant VEGA removed J.A. from the SUV after the traffic collision in the alley involving the SUV and directed J.A. to leave the area, after which other LASD deputies independently encountered and detained J.A. in a patrol vehicle on 130th Street because they believed J.A. was the purported gun suspect.

COUNT FIVE

[18 U.S.C. § 1519]

[DEFENDANT VEGA]

In or around April 2020, in Los Angeles County, within the Central District of California, defendant MIGUEL ANGEL VEGA, in relation to and in contemplation of a matter within the jurisdiction of the FBI, knowingly falsified a record with the intent to impede, obstruct, and influence the investigation and proper administration of that matter.

Specifically, defendant VEGA falsified a LASD incident report, identified as LASD Incident Report No. 920-04687-2820-151 (i.e., the collision report), that included the following false and fictitious statements and representations about events of April 13, 2020:

1. "While assisting units were setting up the containment [after the traffic collision and defendant VEGA's report of an armed suspect], [defendant VEGA] transferred [J.A.] to another patrol vehicle."

In fact, as defendant VEGA then knew, defendant VEGA removed J.A. from the SUV after the traffic collision in the alley involving the SUV and directed J.A. to leave the area, after which other LASD

//
//
//

deputies independently encountered and detained J.A. in a patrol vehicle on 130th Street because they believed J.A. was the purported gun suspect.

A TRUE BILL

/s/
Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Public Corruption and
Civil Rights Section

J. JAMARI BUXTON
BRIAN R. FAERSTEIN
Assistant United States Attorneys
Public Corruption and Civil
Rights Section

16