1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 23-133 PA |
| Plaintiff, | ORDER RE: CRIMINAL TRIAL |
| v. | |
| MIGUEL ANGEL VEGA, et al. | |
| Defendant. | |

The above matter is set for trial before the Honorable Percy Anderson, Courtroom No. 9A, United States Courthouse, 350 West 1st Street, Los Angeles, California.

## **PRE-TRIAL AND TRIAL DATES**

1.  Pretrial motions, including motions in

limine, shall be filed on: ~~May 8, 2023~~

Oppositions shall be filed on: ~~May 15, 2023~~

Replies (optional) shall be filed on: ~~May 22, 2023~~

Status Conference/Hearing is set for: ~~May 26, 2023~~ at 3:00 p.m.

Trial is set for Tuesday at 8:30 A.M. on: ~~Jun 6, 2023~~

2.  All pleadings shall be served personally on opposing counsel or faxed to opposing counsel no later than 4:30 p.m. on the day of filing.

3.     Notwithstanding any contrary provision in the Local Rules, and unless otherwise ordered by the Court, Judge Anderson does not require parties to provide Mandatory Chambers Copies of documents filed through the Court's CM/ECF System. **No party shall deliver a Mandatory Chambers Copy to Judge Anderson unless specifically ordered to do so**. If the Court orders the delivery of a Mandatory Chambers Copy, the Mandatory Chambers Copy shall be delivered by either: (1) delivering it to Judge Anderson's mailbox located adjacent to the Clerk's Office on the fourth floor of the United States Courthouse, 350 West 1st Street, Los Angeles, California, no later than 12:00 noon on the business day following the filing of the document; or (2) sending it by guaranteed overnight delivery to the United States Courthouse, 350 West 1st Street, Suite 4311, Los Angeles, California 90012-4565. Should the Mandatory Chambers Copy be sent by overnight delivery, the sender shall notify the delivery service that the signature of the recipient is not required.

4.     Counsel are ORDERED to list their facsimile transmission numbers along with their address and telephone numbers on all papers submitted to the Court in order to facilitate communication by the Court.

## DISCOVERY & NOTICE

5.     Counsel for the government and counsel for defendant shall comply promptly with discovery and notice pursuant to Fed. R. Crim. P. 12, 12.1, 12.2, 12.3, 15, and 16. Upon government counsel's discovery of any evidence within the scope of Brady v. Maryland, 373 U.S. 83 (1963), such evidence shall be produced forthwith to counsel for the defendant. Counsel for the government shall also disclose to counsel for defendant the existence or non-existence of: (1) evidence obtained by electronic surveillance; and (2) testimony by a government informer.

## APPLICATIONS AND STIPULATIONS TO EXTEND TIME

1.     Applications to extend the time to file any required document or to continue any hearing, status conference or trial date must set forth the following:

a.     the existing due date or hearing date, as well as the status conference and the trial date;

b.    specific, concrete reasons supporting good cause for granting the extension; and

c.    whether there have been prior requests for extensions, and whether those requests were granted or denied by the Court.

### ELECTRONIC AND UNDER SEAL FILINGS

Pursuant to Local Civil Rule 5-4.3.1, documents filed electronically must be submitted in Portable Document Format ("PDF"), created using word-processing software, and published to PDF from the original word-processing file to permit the electronic version of the document to be searched.  Other than signature pages, PDF IMAGES CREATED BY SCANNING PAPER DOCUMENTS ARE PROHIBITED.  Violation of Local Rule 5-4.3.1 may result in the striking of the offending document and the imposition of monetary or other sanctions.

Judge Anderson's procedures for under seal filings differ in certain respects from those contained in the Central District of California's Local Rules.  Parties shall make every effort to limit the number and volume of under seal filings.  In most circumstances, parties should seek to file under seal only the specific portions of exhibits or documents for which there is a valid basis for filing under seal.

When seeking the Court's approval for an under seal filing, the submitting party shall electronically file an <u>Ex Parte</u> Application to Seal and proposed Order through the Court's CM/ECF System pursuant to Local Civil Rule 5-4 and Local Criminal Rule 49-1.1.  The <u>Ex Parte</u> Application and proposed Order shall not contain the information the party seeks to file under seal.  The party seeking permission to file under seal shall submit to the Court's generic chambers e-mail address (pa_chambers@cacd.uscourts.gov) PDF versions of the <u>Ex Parte</u> Application, proposed Order, Declaration in Support of <u>Ex Parte</u> Application stating the reason for the under seal filing, and the document(s) and/or exhibit(s) the party seeks to file under seal.  The party shall also submit a Word or WordPerfect version of the proposed Order to the generic chambers e-mail address.

These procedures for the filing of under seal documents do not apply to <u>in camera</u> submissions.

## MOTIONS IN LIMINE

1.      Before filing any motion in limine, counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion in limine or to eliminate as many of the disputes as possible.  It shall be the responsibility of counsel for the moving party to arrange for this conference.  The conference shall take place in person within five calendar days of service upon opposing counsel of a letter requesting such conference. Unless counsel agree otherwise, the conference shall take place at the office of the counsel for the government.  If both counsel are not located in the same county in the Central District, the conference may take place by telephone.  The moving party's letter shall identify the testimony, exhibits, or other specific matters alleged to be inadmissible and/or prejudicial, shall state briefly with respect to each such matter the moving party's position (and provide any legal authority which the moving party believes is dispositive), and specify the terms of the order to be sought.

2.      If counsel are unable to resolve their differences, they shall prepare a Joint Motion in Limine.  The Joint Motion in Limine shall consist of one document signed by all counsel.  The Joint Motion in Limine shall contain a clear identification of the testimony, exhibits, or other specific matters alleged to be inadmissible and/or prejudicial and a statement of the specific prejudice that will be suffered by the moving party if the motion is not granted.  The identification of the matters in dispute shall be followed by each party's contentions and each party's memorandum of points and authorities.  The title page of the Joint Motion in Limine must state the hearing date for the motions in limine and the trial date.

3.      Joint Motions in Limine made for the purpose of precluding the mention or display of inadmissible and/or prejudicial matter in the presence of the jury shall be accompanied by a declaration from the moving party that includes the following:  (a) a clear identification of the specific matter alleged to be inadmissible and/or prejudicial; (b) a

representation to the Court that the subject of the motion in limine has been discussed with

opposing counsel, and that opposing counsel has either indicated that such matter will be

mentioned or displayed in the presence of the jury before it is admitted in evidence or that

counsel has refused to stipulate that such matter will not be mentioned or displayed in the

presence of the jury unless and until it is admitted in evidence; and (c) a statement of the

specific prejudice that will be suffered by the moving party if the motion in limine is not

granted.

4.     Unless ordered by the Court, no supplemental or separate memorandum of

points and authorities shall be filed by either party in connection with any motion in limine.

The moving party shall serve its portion of the Joint Motion in Limine on the responding

party fourteen (14) days prior to the date for filing of motions in limine indicated in this

Order.  The responding party shall then serve the opposition portion of the Joint Motion in

Limine on the moving party both on paper and in an electronic format seven (7) days prior to

the date for the filing of motions in limine.  The moving party shall incorporate the

responding party's portion into the Joint Motion in Limine, add its arguments in reply, and

file and serve the Joint Motion in Limine.  Neither party's portions of a Joint Motion in

Limine shall exceed eight (8) pages.

5.     The Court will not consider any motion in limine in the absence of a joint

motion or a declaration from counsel for the moving party establishing that opposing

counsel: (a) failed to confer in a timely manner; (b) failed to provide the opposing party's

portion of the joint motion in a timely manner; or (c) refused to sign and return the joint

motion after the opposing party's portion was added.

6.     Unless otherwise ordered by the Court, motions in limine will be heard at the

Final Status Conference.  Unless the Court in its discretion otherwise allows, no motions in

limine shall be filed or heard on an ex parte basis, absent a showing of irreparable injury or

prejudice not attributable to the lack of diligence of the moving party.

7.      The failure of any counsel to comply with or cooperate in the foregoing procedures will result in the imposition of sanctions, including a resolution of the issue against the party refusing to cooperate.

## TRIAL

1.      Counsel for the government shall file with the Court in camera (under seal) all statements of all witnesses to be called by the government in its case-in-chief.  Such statements shall be filed at least five (5) calendar days before trial.

2.      Counsel shall arrive at the Courtroom promptly on the first day of trial.

3.      Counsel for the government shall present the Courtroom Deputy with the following documents on the first day of trial:

        a.      THREE copies of the government's witness list.

        b.      THREE copies of the government's exhibit list in the form specified in Local Rule 9.9 (Civil).

        c.      ALL of the government's exhibits, with official exhibit tags attached and bearing the same number shown on the exhibit list.  Defendant's counsel does not have to deliver his or her exhibits to the Courtroom Deputy on the first day of trial; however, Defendant's counsel is responsible for affixing completed exhibit tags with the case name and case number to his or her exhibits which are intended to be used in the defendant's case.  Exhibit tags can be obtained from the Clerk's Office. Exhibits shall be numbered 1, 2, 3, 4, etc., NOT 1.1, 1.50 etc.  If a blow up is an enlargement of an existing exhibit, it shall be designated with the number of the original exhibit followed by an "A".  Counsel for the government should be aware that the Court will order that exhibits such as firearms, narcotics, etc., remain in the custody of the agents during the pendency of the trial.  The agent will be required to sign the appropriate form in order to take custody of such exhibits.  It shall be

the responsibility of the agents to produce said items for court, secure
them at night and guard them at all times while in the courtroom.

d.     A bench book containing a copy of all exhibits that can be reproduced.
Each exhibit shall be tabbed with the exhibit number for easy referral.
Defendant's counsel shall provide the Court with a copy of their
exhibits as they are introduced during trial.

e.     The exhibit list should be provided in both a PDF version and in
WordPerfect format (X9 or earlier versions) or Microsoft Word (Word
365 or earlier versions) to the Court's generic chambers e-mail address
(pa_chambers@cacd.uscourts.gov).  A copy of the exhibit list with all
admitted exhibits will be given to the jury during deliberations.
Government and defense counsel shall review and approve the exhibit
list with the Courtroom Deputy prior to it being given to the jury.

4.    If counsel need to arrange for the installation of their own additional equipment,
such as video monitors, overhead projectors, etc., notify the Courtroom Deputy no later than
4:30 p.m. two days BEFORE trial so that the necessary arrangements can be made.

5.    Counsel shall arrive in the Courtroom at 8:30 a.m. on the first day of trial for the
purpose of handling logistical and administrative matters pertaining to the trial.  On the first
day of trial, and until a jury is empaneled in a Jury Trial, the Court will typically be in
session from 9:00 a.m. until 5:00 p.m.  Once a jury is empaneled, trials are conducted
Tuesday through Friday from 8:00 a.m. to 1:30 p.m., with two fifteen (15) minute breaks.

6.    The Court reserves the time from 7:30 a.m. to 8:00 a.m. to handle legal and
administrative matters outside of the presence of the jury.  The trial before the jury will
commence promptly at 8:00 a.m.  Counsel is urged to anticipate matters that may need
discussion or hearing outside of the presence of the jury and to raise them during this period,
during breaks or at the end of the day.

### JURY INSTRUCTIONS & VERDICT FORMS

1.     Jury instructions in the form described below are to be filed not later than the Wednesday of the week prior to trial.  The parties must file JOINT jury instructions, a JOINT proposed verdict form and, if necessary, special interrogatories.  The parties shall meet and confer sufficiently in advance of the required filing date with the objective of submitting one set of agreed upon instructions, verdict form and, if necessary, special interrogatories.  The parties should also submit a copy of each of these documents in WordPerfect format (X9 or earlier versions) or Microsoft Word (Word 365 or earlier versions) to the Court's generic chambers e-mail address (pa_chambers@cacd.uscourts.gov).

2.     If the parties cannot agree upon one complete set of instructions, verdict form and/or special interrogatories, they shall file two documents with the Court: a joint document reflecting the agreed upon instructions, verdict form and/or special interrogatories; and a second document in the form of a joint statement regarding the disputed instructions, verdict form, and/or special interrogatories in the following format for each instruction, verdict form and/or special interrogatories in issue:

          a.     A separate page containing the text of the disputed language with an identification of the party proposing it;

          b.     Following the text of the disputed language, the opposing party's statement of objections to the disputed language along with legal authority in support of the argument (not to exceed one page) and proposed alternative language where appropriate; and

          c.     The proposing party's response to the objection with legal authority supporting the proposed language, not to exceed one page.

Both the agreed on set, and the joint statement re: disputed instructions, verdict form, and/or special interrogatories shall be filed at least five calendar days before the trial.

3.     All proposed jury instructions shall be in the format specified by Local Rule 51-2 (civil).  The Court will send a copy of the instructions into the jury room for the jury's use

-8-

during deliberations.  Accordingly, in addition to the file copies described above, the submission of jury instructions to the Court's generic chambers e-mail address shall contain a "clean set" of Joint Proposed and/or Disputed Jury Instructions, containing only the text of each instruction set forth in full on each page, with the caption "Court's Instruction No. ___" (eliminating titles, supporting authority, indication of party proposing, etc.) in WordPerfect format (X9 or earlier versions) or Microsoft Word (Word 365 or earlier versions).

4.    A Table of Contents shall be included with all jury instructions submitted to the Court.  The Table of Contents shall set forth the following:

a.    The number of the instruction;

b.    A brief title of the instruction;

c.    The source of the instruction; and

d.    The page number of the instruction.

**EXAMPLE:**

| Number | Title | Source | Page Number |
|---|---|---|---|
| 1 | Duty of the Jury | 9th Cir. 1.01 | 1 |

5.    Each requested jury instruction shall be numbered and set forth in full on a separate page, citing the authority or source of the requested instruction.

6.    The Court prefers counsel to use the instructions from the <u>Manual of Model Criminal Jury Instructions for the Ninth Circuit</u> (West Publishing, current edition).  Another suggested source is <u>Federal Jury Practice and Instructions</u>, Devitt, Blackmar, Wolff and O'Malley (West Publishing, current edition).

7.    Modifications of instructions from the foregoing sources (or any other form instructions) must specifically state the modification made to the original form instruction and the authority supporting the modification.

8.    Counsel may, but need not, submit brief proposed <u>voir dire</u> questions for the jury at the Pre-Trial Conference.  The Court will conduct its own <u>voir dire</u> after consulting any proposed <u>voir dire</u> submitted by counsel.  Any proposed <u>voir dire</u> questions shall be filed at the same time as the proposed jury instructions.

-9-

## INSTRUCTIONS GOVERNING PROCEDURE DURING TRIAL

1.     Counsel are expected to cooperate with each other during trial to insure the efficient and expeditious use of court and juror time.

2.     Counsel shall not refer to their clients or any witness over 14 years of age by their first names during trial.

3.     Do not discuss the law or argue the case in opening statements.

4.     Do not use objections for purposes of making a speech, recapitulating testimony, or attempting to guide the witness.  When objecting, state only that you are objecting and the specific legal ground of the objection, e.g., hearsay, irrelevant, etc.  The court will not hear arguments on ordinary evidentiary issues.  Most unusual or complex evidentiary issues can be foreseen and disposed of in advance; those that cannot ordinarily will be disposed of at the next recess, with the witness retained until the issue is resolved.  During the trial, the court will not hold bench or chambers conferences, it is the intention of the court that trial testimony will be presented without interruption for five or six hours each day, and all legal issues of importance must be raised in advance of trial by written noticed motions.  If there are any matters Counsel wish to discuss, inform the Courtroom Deputy and the matter can be heard at the next recess or the next day.

5.     Counsel should not paraphrase the witness' answer into a new question which asks the same thing.  For example:

    a.      Do I understand you to mean that . . .

    b.      Is it your testimony then that . . .

    c.      Is it fair to say that . . .

    d.      Can we assume then that . . .

    e.      So that I am clear . . .

There is no need to hear the testimony of the witness two or three times.  In addition having been asked and answered, often these questions are argumentative.

6.     Counsel are to have their witnesses review all exhibits about which they will be questioned.

7.      In multi-party cases, Counsel are expected to coordinate their cross-examination. The Court will not permit each party's counsel to repeat previous cross-examination questions.

8.      Do not approach the Courtroom Deputy or the witness box without the Court's permission.  Please return to the lectern when your purpose has been accomplished. Do not enter the well of the Court without the Court's permission.

9.      Please rise when addressing the Court, and when the jury enters or leaves the courtroom.

10.   Address all remarks to the Court.  Do not directly address the Courtroom Deputy, the reporter or opposing counsel.  If you wish to speak with opposing counsel, ask permission to talk to counsel off the record.  All requests to re-read questions or answers, or to have an exhibit placed in front of a witness, shall be addressed to the Court.

11.   While court is in session, do not leave the counsel table to confer with investigators, secretaries, or witnesses unless permission is granted in advance.

12.   When a party has more than one lawyer, only one may conduct the examination of a given witness and only that lawyer may handle objections during the testimony of that witness.

13.   If a witness was on the stand at a recess or adjournment, have the witness back on the stand and ready to proceed when court resumes.

14.   Do not run out of witnesses. If you are out of witnesses and there is more than a brief delay, the Court may deem that you have rested.

15.   Counsel are advised to be on time as the Court starts promptly.

16.   Do not make an offer of stipulation unless you have conferred with opposing counsel and reached an agreement.  Any stipulation of fact will require the defendant's personal concurrence and shall be submitted to the Court in writing for approval.  A proposed stipulation should be explained to the defendant in advance.

17.   Counsel should not by facial expression, nodding, or other conduct exhibit any opinion, adverse or favorable, concerning any testimony being given by a witness. Counsel must  admonish counsel's own clients and witnesses to avoid such conduct.

18.   Counsel are admonished to not state in summation, I am reading from the reporter's transcript." Counsel may, however, refer to "notes" [which may include a partial transcript] and proceed to deliver the recounted in a "question and answer" format.  Counsel are not to suggest to the jury that they may request rereading of testimony.  That  subject will be covered with the jury in the jury charge as follows:

> Re-reading of testimony is possible, but I must review all of what is
> to be re-read -- *there is no transcript made up.*  And, even if there
> were, I would have to have it re-read due to objections, side-bars,
> and other proceedings outside the jury's presence.  Moreover, I or
> the attorneys might feel that other matters should be included in the
> same read-back. Preparing for a re-read of testimony takes time.
> Please understand that, so that if a request is made, we will gladly
> arrange to do so, but the jury should keep deliberating until we are
> able to make sure that we have everything ready.

## SENTENCING POSITION PAPERS AND
## OBJECTIONS TO PRESENCE REPORTS

Rule 32 of the Federal Rules of Criminal Procedure requires the parties to notify the Probation Officer, and each other, of any objections to the Presentence Report within fourteen (14) days of receipt.  Alternatively, counsel may file such objections no later than twenty-one (21) days before sentencing.  The Court construes "objections" to include sentencing position papers and departure arguments.  Any party who intends to move for a continuance of the sentencing hearing shall, not later than noon on the Tuesday preceding the hearing date, notify opposing counsel and the court clerk.  Strict compliance with these deadlines is mandatory because untimely filings interfere with the abilities of the Probation

Office and of the Court to prepare for sentencing.  Failure to meet these deadlines is grounds for sanctions.

DATED:  April 17, 2023

_____

Percy Anderson
UNITED STATES DISTRICT JUDGE

Revised 3/11/21