E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
J. JAMARI BUXTON (Cal. Bar No. 342364)
BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Public Corruption and Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3519/3819
     Facsimile: (213) 894-0141
     E-mail:    jamari.buxton@usdoj.gov
               brian.faerstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-CR-133-PA |
| Plaintiff, | STIPULATION AND JOINT REQUEST FOR A PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING PERSONAL IDENTIFYING INFORMATION, MEDICAL INFORMATION, AND PRIVACY ACT INFORMATION |
| v. | |
| MIGUEL ANGEL VEGA and CHRISTOPHER BLAIR HERNANDEZ, | |
| Defendants. | PROPOSED ORDER FILED SEPARATELY |

Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys J. Jamari Buxton and Brian R. Faerstein, defendant Miguel Angel Vega ("defendant Vega"), by and through his counsel of record, Brian N. Gurwitz, and defendant Christopher Blair Hernandez ("defendant Hernandez" and, together with defendant Vega, "defendants"), by and through his counsel of record, Michael D. Williamson (collectively the "parties"), for the reasons set forth below, request that the Court

enter the proposed protective order (the "Protective Order") governing the use and dissemination of (1) personally identifying information ("PII") of real persons pursuant to Federal Rule of Criminal Procedure Rule 16(d)(1), (2) medical or health information, and (3) material that may contain information within the scope of the Privacy Act.

Introduction and Grounds for Protective Order

1.    Defendants are charged in this matter with violations of conspiracy, in violation of 18 U.S.C. § 371; deprivation of rights under color of law, in violation of 18 U.S.C. § 242; tampering with a witness, in violation of 18 U.S.C. § 1512(b)(3); and falsification of records, in violation of 18 U.S.C. § 1519.  Defendants are released on bond pending trial.

2.    A protective order is necessary because the government intends to produce to the defense materials containing third parties' PII and medical information.  The government believes that disclosure of this information without limitation risks the privacy and security of the information's legitimate owners.  The medical information at issue may also be subject to various federal laws protecting the privacy of medical records, including provisions of the Privacy Act, 5 U.S.C. § 552a; provisions of 45 C.F.R. §§ 164.102-164.534; and/or provisions of 42 U.S.C. § 1306.  Because the government has an ongoing obligation to protect third parties' PII and medical information, the government cannot produce to defendant an unredacted set of discovery containing this information without the Court entering the Protective Order.  Moreover, PII and medical information make up a significant part of the discovery in this case and such information itself, in many instances, has

evidentiary value.  If the government were to attempt to redact all this information in strict compliance with Federal Rule of Criminal Procedure 49.1, the Central District of California's Local Rules regarding redaction, and the Privacy Policy of the United States Judicial Conference, the defense would receive a set of discovery that would be highly confusing and difficult to understand, and it would be challenging for defense counsel to adequately evaluate the case, provide advice to defendant, or prepare for trial.

3.   An order is also necessary because the government intends to produce to the defense materials that may contain information within the scope of the Privacy Act, 5 U.S.C. § 552a ("Privacy Act Information").  To the extent that these materials contain Privacy Act Information, an order is necessary to authorize disclosure pursuant to 5 U.S.C. § 552a(b)(11).

4.   The purpose of the Protective Order is to (a) allow the government to comply with its discovery obligations while protecting this sensitive information from unauthorized dissemination, and (b) provide the defense with sufficient information to adequately represent defendant.

Definitions

5.   The parties agree to the following definitions:

a.   "PII Materials" includes any information that can be used to identify a person, including a name, address, date of birth, Social Security number, driver's license number, telephone number, account number, email address, or personal identification number.

b.   "Medical Materials" includes any individually identifiable health information that is connected to a patient's

name, address, or other identifying number, such as a Social
Security number or Medicare/Medi-Cal number.

c.    "Confidential Information" refers to any document or
information containing PII Materials or Medical Materials that the
government produces to the defense pursuant to this Protective Order
and any copies thereof.

d.    "Defense Team" includes (1) defendants' counsel of
record ("defense counsel"); (2) other attorneys at defense counsels'
law firms who may be consulted regarding case strategy in this case;
(3) defense investigators who are assisting defense counsel with
this case; (4) retained experts or potential experts; and
(5) paralegals, legal assistants, and other support staff to defense
counsel who are providing assistance on this case.  The Defense Team
does not include defendants, defendants' family members, or any
other associates of defendants.

Terms of the Protective Order

6.    The parties jointly request the Court enter the Protective
Order, which will permit the government to produce Confidential
Information in a manner that preserves the privacy and security of
third parties.  The parties agree that the following conditions in
the Protective Order will serve these interests:

a.    The government is authorized to provide defense
counsel with Confidential Information marked with the following
legend: "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE
ORDER."  The government may put that legend on the digital medium
(such as DVD or hard drive) or simply label a digital folder on the
digital medium to cover the content of that digital folder.  The

government may also redact any PII contained in the production of Confidential Information.

b.    If either defendant objects to a designation that material contains Confidential Information, the parties shall meet and confer.  If the parties cannot reach an agreement regarding that defendant's objection, that defendant may apply to the Court to have the designation removed.

c.    Defendants and the Defense Team agree to use the Confidential Information solely to prepare for any pretrial motions, plea negotiations, trial, and sentencing hearing in this case, as well as any appellate and post-conviction proceedings related to this case.

d.    The Defense Team shall not permit anyone other than the Defense Team to have possession of Confidential Information, including defendants, while outside the presence of the Defense Team.

e.    At no time, under no circumstance, will any Confidential Information be left in the possession, custody, or control of defendants, regardless of defendants' custody status.

f.    Defendants may review PII Materials and Medical Materials only in the presence of a member of the Defense Team, who shall ensure that defendants are never left alone with any PII Materials or Medical Materials.  At the conclusion of any meeting with a defendant at which the defendant is permitted to view PII Materials or Medical Materials, the defendant must return any PII Materials or Medical Materials to the Defense Team, and the member of the Defense Team present shall take all such materials with him or her.  The defendant may not take any PII Materials or Medical

Materials out of the room in which the defendant is meeting with the Defense Team.

g.   Defendants may see and review Confidential Information as permitted by this Protective Order, but defendants may not copy, keep, maintain, or otherwise possess any Confidential Information in this case at any time.  Defendants also may not write down or memorialize any data or information contained in the Confidential Information.

h.   The Defense Team may review Confidential Information with a witness or potential witness in this case, including defendants.  A member of the Defense Team must be present if PII Materials or Medical Materials are being shown to a witness or potential witness.  Before being shown any portion of Confidential Information, however, any witness or potential witness must be informed of, and agree in writing to be bound by, the requirements of the Protective Order.  No member of the Defense Team shall permit a witness or potential witness to retain Confidential Information or any notes generated from Confidential Information.

i.   The Defense Team shall maintain Confidential Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than members of the Defense Team, defendants, witnesses, and potential witnesses, as restricted above, to see Confidential Information; (2) not divulging to anyone other than members of the Defense Team, defendants, witnesses, and potential witnesses, the contents of Confidential Information; and (3) not permitting Confidential Information to be outside the Defense Team's offices, homes, vehicles, or personal presence.

j.    To the extent that defendants, the Defense Team, witnesses, or potential witnesses create notes that contain, in whole or in part, Confidential Information, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Confidential Information subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

k.    The Defense Team shall use Confidential Information only for the litigation of this matter and for no other purpose. Litigation of this matter includes any appeal filed by one or both defendants and any motion filed by one or both defendants pursuant to 28 U.S.C. § 2255.  In the event that a party needs to file Confidential Information with the Court or divulge the contents of Confidential Information in court filings, the parties shall meet and confer regarding appropriate redactions of Confidential Information so as to prevent the public disclosure of Confidential Information or seek leave of the Court to make an under-seal filing. If the Court rejects the request to file such information under seal, the party seeking to file such information publicly shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention.  If the other party does not object to the proposed filing, the party seeking to file such information shall redact any PII Materials or Medical Materials and make all reasonable attempts to limit the divulging of PII Materials or Medical Materials.

l.    The parties agree that any Confidential Information inadvertently produced in the course of discovery prior to entry of the Protective Order shall be subject to the terms of the Protective

Order.  If Confidential Information was inadvertently produced prior to entry of the Protective Order without being marked "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER," the government shall reproduce the material with the correct designation and notify defense counsel of the error.  The Defense Team shall take immediate steps to destroy the unmarked material, including any copies.

m.   Confidential Information shall not be used by defendants or the Defense Team, in any way, in any other matter, absent an order by this Court.  All materials designated subject to the Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such order is modified by this Court.  Within 30 days of the conclusion of appellate and post-conviction proceedings, defense counsel shall return all PII Materials or Medical Materials, certify that such materials have been destroyed, or certify that such materials are being kept pursuant to the California Business and Professions Code and the California Rules of Professional Conduct.

n.   In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must be informed of, and agree in writing to be bound by, the requirements of the Protective Order before the undersigned defense counsel transfers any Confidential Information to the new defense counsel.  New defense counsel's written agreement to be bound by the terms of the Protective Order must be returned to the Assistant U.S. Attorney assigned to the case.  New defense counsel then will become the Defense Team's custodian of materials designated subject to the Protective Order and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for

returning to the government, certifying the destruction of, or retaining pursuant to the California Business and Professions Code and the California Rules of Professional Conduct all PII Materials or Medical Materials.

o.    Defense counsel agrees to advise defendants and all members of the Defense Team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing defendants and members of the Defense Team with access to any materials subject to the Protective Order.

p.    Defense Counsel has conferred with defendants regarding this stipulation and the proposed order thereon, and defendants agree to the terms of the proposed order.

///

///

///

1          q.    Accordingly, the parties have agreed to request that

2    the Court enter a protective order in the form submitted herewith.

3          IT IS SO STIPULATED.

4          DATED: 4/19/23                    E. MARTIN ESTRADA
                                             United States Attorney
5
                                             MACK E. JENKINS
6                                            Assistant United States Attorney
                                             Chief, Criminal Division
7

8

9                                            J. JAMARI BUXTON
                                             BRIAN R. FAERSTEIN
10                                           Assistant United States Attorneys

11                                           Attorneys for Plaintiff
12                                           UNITED STATES OF AMERICA

13

14         DATED:  4/18/23

15                                           BRIAN N. GURWITZ
                                             Attorney for Defendant
16                                           MIGUEL ANGEL VEGA

17

18         DATED:

19                                           MICHAEL D. WILLIAMSON
                                             Attorney for Defendant
20                                           CHRISTOPHER BLAIR HERNANDEZ

21

22

23

24

25

26

27

28

                                  10

1    q. Accordingly, the parties have agreed to request that

2 the Court enter a protective order in the form submitted herewith.

3   IT IS SO STIPULATED.

4   DATED:       E. MARTIN ESTRADA
              United States Attorney
5

6            MACK E. JENKINS
              Assistant United States Attorney
7            Chief, Criminal Division

8            _____

9            J. JAMARI BUXTON
              BRIAN R. FAERSTEIN
10           Assistant United States Attorneys

11           Attorneys for Plaintiff
12           UNITED STATES OF AMERICA

13

14   DATED:      _____

15           BRIAN N. GURWITZ
              Attorney for Defendant
16           MIGUEL ANGEL VEGA

17

18   DATED: 4-19-23   _____

19           MICHAEL D. WILLIAMSON
              Attorney for Defendant
20           CHRISTOPHER BLAIR HERNANDEZ

21

22

23

24

25

26

27

28