E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
J. JAMARI BUXTON (Cal. Bar No. 342364)
BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Public Corruption and Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3519/3819
     Facsimile: (213) 894-0141
     E-mail:    jamari.buxton@usdoj.gov
                brian.faerstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 23-CR-133-PA |
|---|---|
| Plaintiff, | [PROPOSED] PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING PERSONAL IDENTIFYING INFORMATION, MEDICAL INFORMATION, AND PRIVACY ACT INFORMATION |
| v. | |
| MIGUEL ANGEL VEGA and CHRISTOPHER BLAIR HERNANDEZ, | |
| Defendants. | |

The Court has read and considered the parties' Stipulation for a Protective Order Regarding Discovery Containing Personal Identifying Information, Medical Information, and Privacy Act Information, filed by the government and defendants Miguel Angel Vega ("defendant Vega") and Christopher Blair Hernandez ("defendant Hernandez" and, together with defendant Vega, "defendants") in this matter on April 19, 2023, which this Court incorporates by reference into this order, and FOR GOOD CAUSE SHOWN the Court hereby FINDS AND ORDERS as follows:

1. The government's discovery in this case relates to defendants' alleged crimes, that is, violations of 18 U.S.C. § 371 (conspiracy); 18 U.S.C. § 242 (deprivation of rights under color of law); 18 U.S.C. § 1512(b)(3) (tampering with a witness); and 18 U.S.C. § 1519 (falsification of records).

2. A protective order for the discovery is necessary so that the government can produce to the defense materials containing third parties' PII and medical information. The Court finds that disclosure of this information without limitation risks the privacy and security of the information's legitimate owners. The medical information at issue may also be subject to various federal laws protecting the privacy of medical records, including provisions of the Privacy Act, 5 U.S.C. § 552a; provisions of 45 C.F.R. §§ 164.102-164.534; and/or provisions of 42 U.S.C. § 1306. Because the government has an ongoing obligation to protect third parties' PII and medical information, the government cannot produce to defendants an unredacted set of discovery containing this information without this Court entering the Protective Order. Moreover, PII and medical information make up a significant part of the discovery in this case and such information itself, in many instances, has evidentiary value. If the government were to attempt to redact all this information in strict compliance with Federal Rule of Criminal Procedure 49.1, the Central District of California's Local Rules regarding redaction, and the Privacy Policy of the United States Judicial Conference, the defense would receive a set of discovery that would be highly confusing and difficult to understand, and it would be challenging for defense counsel to adequately evaluate the case, provide advice to defendant, or

prepare for trial.

3.   An order is also necessary because the government intends to produce to the defense materials that may contain information within the scope of the Privacy Act, 5 U.S.C. § 552a ("Privacy Act Information").  The Court finds that, to the extent that these materials contain Privacy Act information, disclosure is authorized pursuant to 5 U.S.C. § 552a(b)(11).

4.   The purpose of this Protective Order is therefore to (a) allow the government to comply with its discovery obligations while protecting this sensitive information from unauthorized dissemination, and (b) provide the defense with sufficient information to adequately represent defendants.

5.   Accordingly, the discovery that the government will provide to defense counsel in the above-captioned case will be subject to this Protective Order, as follows:

    a.   As used herein, "PII Materials" includes any information that can be used to identify a person, including a name, address, date of birth, Social Security number, driver's license number, telephone number, account number, email address, or personal identification number.

    b.   "Medical Materials" includes any individually identifiable health information that is connected to a patient's name, address, or other identifying number, such as a Social Security number or Medicare/Medi-Cal number.

    c.   "Confidential Information" refers to any document or information containing PII Materials or Medical Materials that the government produces to the defense pursuant to this Protective Order and any copies thereof.

        d.   "Defense Team" includes (1) defendants' counsel of record ("defense counsel"); (2) other attorneys at defense counsels' law firms who may be consulted regarding case strategy in this case; (3) defense investigators who are assisting defense counsel with this case; (4) retained experts or potential experts; and (5) paralegals, legal assistants, and other support staff to defense counsel who are providing assistance on this case.  The Defense Team does not include defendants, defendants' family members, or any other associates of defendants.

        e.   The government is authorized to provide defense counsel with Confidential Information marked with the following legend: "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER."  The government may put that legend on the digital medium (such as DVD or hard drive) or simply label a digital folder on the digital medium to cover the content of that digital folder.  The government may also redact any PII contained in the production of Confidential Information.

        f.   If either defendant objects to a designation that material contains Confidential Information, the parties shall meet and confer.  If the parties cannot reach an agreement regarding that defendant's objection, that defendant may apply to the Court to have the designation removed.

        g.   Defendants and the Defense Team agree to use the Confidential Information solely to prepare for any pretrial motions, plea negotiations, trial, and sentencing hearing in this case, as well as any appellate and post-conviction proceedings related to this case.

   h. The Defense Team shall not permit anyone other than the Defense Team to have possession of Confidential Information, including defendants, while outside the presence of the Defense Team.

   i. At no time, under no circumstance, will any Confidential Information be left in the possession, custody, or control of defendants, regardless of defendants' custody status.

   j. Defendants may review PII Materials and Medical Materials only in the presence of a member of the Defense Team, who shall ensure that defendants are never left alone with any PII Materials or Medical Materials.  At the conclusion of any meeting with a defendant at which the defendant is permitted to view PII Materials or Medical Materials, the defendant must return any PII Materials or Medical Materials to the Defense Team, and the member of the Defense Team present shall take all such materials with him or her.  The defendant may not take any PII Materials or Medical Materials out of the room in which the defendant is meeting with the Defense Team.

   k. Defendants may see and review Confidential Information as permitted by this Protective Order, but defendants may not copy, keep, maintain, or otherwise possess any Confidential Information in this case at any time.  Defendants also may not write down or memorialize any data or information contained in the Confidential Information.

   l. The Defense Team may review Confidential Information with a witness or potential witness in this case, including defendants.  A member of the Defense Team must be present if PII Materials or Medical Materials are being shown to a witness or

potential witness.  Before being shown any portion of Confidential Information, however, any witness or potential witness must be informed of, and agree in writing to be bound by, the requirements of the Protective Order.  No member of the Defense Team shall permit a witness or potential witness to retain Confidential Information or any notes generated from Confidential Information.

   m.   The Defense Team shall maintain Confidential Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than members of the Defense Team, defendants, witnesses, and potential witnesses, as restricted above, to see Confidential Information; (2) not divulging to anyone other than members of the Defense Team, defendants, witnesses, and potential witnesses, the contents of Confidential Information; and (3) not permitting Confidential Information to be outside the Defense Team's offices, homes, vehicles, or personal presence.

   n.   To the extent that defendants, the Defense Team, witnesses, or potential witnesses create notes that contain, in whole or in part, Confidential Information, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Confidential Information subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

   o.   The Defense Team shall use Confidential Information only for the litigation of this matter and for no other purpose. Litigation of this matter includes any appeal filed by one or both defendants and any motion filed by one or both defendants pursuant to 28 U.S.C. § 2255.  In the event that a party needs to file

6

Confidential Information with the Court or divulge the contents of Confidential Information in court filings, the parties shall meet and confer regarding appropriate redactions of Confidential Information so as to prevent the public disclosure of Confidential Information or seek leave of the Court to make an under-seal filing. If the Court rejects the request to file such information under seal, the party seeking to file such information publicly shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention. If the other party does not object to the proposed filing, the party seeking to file such information shall redact any PII Materials or Medical Materials and make all reasonable attempts to limit the divulging of PII Materials or Medical Materials.

   p. Any Confidential Information inadvertently produced in the course of discovery prior to entry of the Protective Order shall be subject to the terms of this Protective Order. If Confidential Information was inadvertently produced prior to entry of the Protective Order without being marked "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER," the government shall reproduce the material with the correct designation and notify defense counsel of the error. The Defense Team shall take immediate steps to destroy the unmarked material, including any copies.

   q. Confidential Information shall not be used by defendants or the Defense Team, in any way, in any other matter, absent an order by this Court. All materials designated subject to the Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such order is modified by this Court. Within 30 days of the conclusion of

appellate and post-conviction proceedings, defense counsel shall return all PII Materials or Medical Materials, certify that such materials have been destroyed, or certify that such materials are being kept pursuant to the California Business and Professions Code and the California Rules of Professional Conduct.

   r. In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must be informed of, and agree in writing to be bound by, the requirements of the Protective Order before the undersigned defense counsel transfers any Confidential Information to the new defense counsel. New defense counsel's written agreement to be bound by the terms of the Protective Order must be returned to the Assistant U.S. Attorney assigned to the case. New defense counsel then will become the Defense Team's custodian of materials designated subject to the Protective Order and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for returning to the government, certifying the destruction of, or retaining pursuant to the California Business and Professions Code and the California Rules of Professional Conduct all PII Materials or Medical Materials.

   s. Defense counsel shall advise defendants and all members of the Defense Team of their obligations under the Protective Order and ensure their agreement to follow the Protective

//
//
//

Order, prior to providing defendants and members of the Defense Team with access to any materials subject to the Protective Order.

IT IS SO ORDERED.

_____     _____
DATE                                                        HONORABLE PERCY ANDERSON
                                                            UNITED STATES DISTRICT JUDGE

Presented by:

   /s/
_____
J. JAMARI BUXTON
BRIAN R. FAERSTEIN
Assistant United States Attorneys