E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
J. JAMARI BUXTON (Cal. Bar No. 342364)
BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Public Corruption and Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3519/3819
     Facsimile: (213) 894-0141
     E-mail:    jamari.buxton@usdoj.gov
                brian.faerstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>             v.<br><br>MIGUEL ANGEL VEGA and<br>CHRISTOPHER BLAIR HERNANDEZ,<br><br>             Defendants. | No. 23-CR-133-PA<br><br>GOVERNMENT'S UNOPPOSED *EX PARTE* APPLICATION FOR AN ORDER ALLOWING DISCLOSURE OF GRAND JURY TESTIMONY AND ACCOMPANYING EXHIBITS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF AUSA BRIAN R. FAERSTEIN<br><br>Trial Date:  October 24, 2023<br>Time:        8:30 a.m.<br>Place:       Courtroom of the<br>             Hon. Percy Anderson |

Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys J. Jamari Buxton and Brian R. Faerstein, hereby applies ex parte for an order pursuant to Rule 6(e)(3)(E)(i) of the Federal Rules of Criminal Procedure, authorizing the government to provide defendants' counsel

of record with a copy of the grand jury testimony, with accompanying exhibits, of witnesses whom the government may call at trial.

The government makes this application because of defendants' need to prepare their case and the disclosure requirements of the Jencks Act, 18 U.S.C. § 3500. The government contacted counsel of record for defendants Miguel Angel Vega and Christopher Blair Hernandez to obtain defendants' position with respect to this <u>ex parte</u> application, and defendants' counsel confirmed they do not oppose the application.

This application is based on the attached Memorandum of Points and Authorities and Declaration of Brian R. Faerstein, the files and records of this case, and such further evidence and argument as may be presented at any hearing on this application.

Dated: May 22, 2023            Respectfully submitted,

                                      E. MARTIN ESTRADA
                                      United States Attorney

                                      MACK E. JENKINS
                                      Assistant United States Attorney
                                      Chief, Criminal Division

                                             /s/
                                      BRIAN R. FAERSTEIN
                                      J. JAMARI BUXTON
                                      Assistant United States Attorneys

                                      Attorneys for Plaintiff
                                      UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

Federal Rule of Criminal Procedure 6(e)(2)(B) provides in relevant part: "Unless these rules provide otherwise, the following persons must not disclose a matter occurring before the grand jury: . . . (vi) an attorney for the government . . . ." Fed. R. Crim. 6(e)(2)(B).  Rule 6(e)(3)(E) provides in relevant part:  "The court may authorize disclosure -- at a time, in a manner, and subject to any other conditions that it directs -- of a grand-jury matter: [] preliminarily to or in connection with a judicial proceeding . . . ."  Fed. R. Crim. 6(e)(3)(E).

A trial court has "substantial discretion to order or deny release" of a grand jury transcript.  United States v. Evans & Associates Construction Co., 839 F.2d 656, 658 (9th Cir. 1988).  The starting point for the Court's analysis is the "long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts."  Id. (citation omitted).  The Supreme Court has established five policy reasons for maintaining the secrecy of grand jury proceedings:

> (1) to prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before [the] grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; [and] (5) to protect [an] innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

United States v. Procter & Gamble Co., 356 U.S. 677, 681 n.6 (1958) (internal quotations omitted); see also United States v. Dynavac, Inc., 6 F.3d 1407, 1411 (9th Cir. 1993) (citing Procter & Gamble and

Douglas Oil Co. of Calif. v. Petrol Stops Nw., 441 U.S. 211, 219 (1979), for the same proposition). In United States Indus., Inc. v. United States District Court, the Ninth Circuit reasoned that a determination of whether disclosure of grand jury material should be made under Rule 6(e) depends on the need of the party seeking disclosure and on the "policy considerations for grand jury secrecy as they apply to the request for disclosure under consideration." 345 F.2d 18, 21 (9th Cir. 1965). The court held: "[I]f the reasons for maintaining secrecy do not apply at all in a given situation, or apply to only an insignificant degree, the party seeking the disclosures should not be required to demonstrate a large compelling need." Id.

In this instance, the policy considerations requiring secrecy are inapplicable with respect to those witnesses who will testify at trial because the case has been indicted. See Dynavac, 6 F.3d at 1412 ("When the grand jury investigation is already terminated and an indictment has been issued, only 'institutional' concerns are implicated by the documentary disclosure.") (citation omitted). Moreover, disclosure of the grand jury testimony to defense counsel, who has requested such disclosure, would be in the interest of justice and allow defense counsel material necessary to the defense in advance of trial.

For the foregoing reasons, the government respectfully requests that this Court issue an order authorizing the government to provide defense counsel with a copy of the grand jury testimony, with accompanying exhibits, of witnesses the government may call at trial.

**DECLARATION OF BRIAN R. FAERSTEIN**

I, Brian R. Faerstein, declare and state as follows:

1. I am an Assistant United States Attorney for the Central District of California and, along with Assistant United States Attorney J. Jamari Buxton, am assigned to the prosecution of <u>United States v. Miguel Angel Vega and Christopher Blair Hernandez</u>, No. 23-CR-133-PA. I make this declaration in support of the government's <u>ex parte</u> application for an order permitting disclosure of grand jury transcripts and accompanying exhibits.

2. I expect that the Government may call at trial witnesses who testified before the grand jury during the investigation of this case. Such testimony constitutes a statement under the Jencks Act, 18 U.S.C. § 3500, which the government is required to provide to the defendants as of the time the witness has testified on direct examination in the trial of the case.

3. On or about May 19, 2023, I contacted defense counsel, Brian N. Gurwitz for defendant Vega and Michael D. Williamson for defendant Hernandez, and informed them that the government would be filing the present <u>ex parte</u> application and asked for their position on the <u>ex parte</u> nature of the application. Defense counsel informed me that they do not oppose the application or the <u>ex parte</u> nature of the application.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on May 22, 2023.

                                                                            /s/ Brian Faerstein
                                                                            BRIAN R. FAERSTEIN